UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
SEP 30 2016
[signature] CLERK

| | |
|---|---|
| ANTHONY BOBTAIL BEAR, JR., <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 1:16-CV-01027-CBK <br> 1:16-CV-01028-CBK <br><br> OPINION AND ORDER <br> DENYING MOTION TO VACATE <br> AND ORDER DENYING <br> CERTIFICATE OF APPEALABILITY |

Petitioner pleaded guilty to two charges of domestic assault by an habitual offender in two separate criminal cases. He was sentenced on July 28, 2014, to concurrent sentences of 60 and 77 months imprisonment.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He contends that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein the United States Supreme Court struck down as unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act , 18 U.S.C. § 924(e)(2)(B)(ii). Johnson was made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### DECISION

**I. The Residual Clause of the Armed Career Criminal Act.**

Chapter 44 of Title 18 of the United States Code sets forth the laws as to the manufacture, import, sale, and possession of firearms. Section 922(g) prohibits any person who has been convicted of a felony, is a fugitive from justice, is an unlawful user of or addicted to any controlled substance, has been adjudicated as having mental defects or has been committed to a mental institution, is an illegal alien, has been dishonorably discharged from the armed forces, has renounced United States citizenship, is subject to a restraining order, or has been convicted of a crime of domestic violence from shipping, transporting, possessing, or receiving any firearm or ammunition. 18 U.S.C. § 924(g)(1)-(9).

The maximum custodial penalty for a violation of § 922(g) is ten years. 18 U.S.C. § 924(a)(2). An enhanced mandatory minimum penalty of 15 years custody applies if a prohibited person "has three previous convictions by any court referred to in section 922(g)(1) of this title **for a violent felony or a serious drug offense, or both**, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis supplied). That mandatory minimum penalty was enacted as part of The Armed Career Criminal Act of 1984 ("ACCA"), as amended.

The term "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C.A. § 924(e)(2)(B) (emphasis supplied).

Section 924(e)(2)(B)(i) is known as the elements clause. Section 924(e)(2)(B)(ii) is known as the enumerated offenses clause. The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2556. The United States Supreme Court held in Johnson that the residual clause of the ACCA is unconstitutionally vague. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2557-60. The Johnson "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson v. United States, ___ U.S. at ___. 135 S.Ct. at 2563. The Supreme Court has held that Johnson is to be applied retroactively to cases under collateral review. Welch v. United States, ___ U.S. ___ , 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). However, only defendants who were subject to ACCA's mandatory minimum sentence because at least one of their prior convictions was for a violent felony as defined by the residual clause are entitled to collateral relief.

## II. Petitioner's case.

Petitioner's crime of conviction was not for an 18 U.S.C. § 922(g) offense and he was not subject to the mandatory minimum 15 year sentence provision of ACCA. The rule announced in Johnson v. United States does not afford petitioner any relief.

## II. Beckles v.United States.

Petitioner seeks a stay pending the United States Supreme Court's opinion in Beckles v. United States, No. 15-8544. The United States Supreme Court has granted *certiorari* in Beckles to consider whether the residual clause of the Career Offender guideline, § 4B1.1, is also constitutionally infirm. Guideline § 4B1.1, the Career Offender guideline, always increases a defendant's criminal history to category VI and in some cases increases the offense level. The guideline applies to a defendant who, *inter alia*, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The definition of the guideline term "crime of violence" is identical to the provisions of ACCA. U.S.S.G. § 4B1.2(a).

The Career Offender guideline increased petitioner's criminal history category from Level IV to level VI. Without the application of the Career Offender guideline, petitioner's guideline sentencing range would have been 46 – 57 months. The Career Offender guideline increased his range to 77 - 96 months. He was sentenced to the statutory maximum sentence of 60 months in CR 14-10005 and the minimum of the guideline range of 77 months in CR 14-10011.

The Career Offender enhancement was applied based upon a prior conviction in federal court for assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6) and a prior conviction in federal court for first degree burglary of a residence in violation of 18 U.S.C. § 1153 and SDCL 22-32-1. The assault conviction would qualify as a predicate offense under the Career Offender's elements clause. The burglary conviction would apply as a predicate offense under the Career Offender's enumerated offenses clause. The residual clause of the Career Offender guideline did not affect petitioner's sentence and therefore Beckles would not be applicable to his case.

## ORDER

Now, therefore,

IT IS ORDERED that the motions, Doc. 4, for stay are denied.

IT IS FORTHER ORDERED that the motions to vacate, set aside, or correct sentence are denied.

### TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner was convicted of two counts of domestic assault by an habitual offender. He was sentenced to concurrent sentences of 60 months and 77 months imprisonment. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). He further claims his case should be stayed pending the outcome of the United States Supreme Court's decision in Beckles v. United States, No. 15-8544.

I summarily denied the motion to vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right. The United States Supreme Court's decision in Johnson is not applicable because petitioner's sentence was not enhanced under the Armed Career Criminal Act. Further, his sentence was not enhanced pursuant to the residual clause of the Career Offender guideline and therefore the pending case before the United States Supreme Court in Beckles v. United States, No. 15-8544, has no application to petitioner's sentence.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Fed. R. App. P. 22.

DATED this 30th day of September, 2016.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge